IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BERNARD EDWARD DIXON, JR.,**
    Petitioner,

v.   Civil Action No. 3:21cv667

**WARDEN, FCC COLEMAN - LOW,**
    Respondent.

## MEMORANDUM OPINION

Bernard Edward Dixon, Jr., a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] Because the Court finds that it lacks jurisdiction, the Court will DISMISS Dixon's § 2241 Petition WITHOUT PREJUDICE.

### I. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is

---

[1] The statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--
  **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
  **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
  **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

Thus, an inmate may only challenge his or her conviction under § 2241 in "very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[3]

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[3] Until *Wheeler*, a petitioner was not permitted to challenge his or her sentence. Rather, a petitioner was required to satisfy the following test:

## II. Analysis of Petitioner's 28 U.S.C. § 2241 Petition

Following a guilty plea, the Court convicted Dixon of possession with intent to distribute cocaine hydrochloride and sentenced him to 180 months of imprisonment. *United States v. Dixon*, 3:14cr48 (E.D. Va. Sept. 9, 2014), ECF No. 31, at 1–2. In his § 2241 Petition, Dixon contends that he is entitled to relief because he is actually innocent of the crime of which he stands convicted. (ECF No. 1, at 9.) This is not a sentencing claim and therefore remains governed by *In re Jones*. Dixon fails to show that subsequent to his direct appeal, the substantive law changed such that possession with intent to distribute cocaine hydrochloride is no longer a crime. *In re Jones*, 226 F.3d at 333–34. Accordingly, Dixon cannot proceed under 28 U.S.C. § 2241. The action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Court will DENY a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 3 December 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

Digitally signed by John Gibney
Date: 2021.12.03 13:40:28 -05'00'

---

[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).